UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FILED by RAL D.C.

MAR 31 2010

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

FIRST SPECIALTY INSURANCE CORPORATION,

Petitioner,

CASE NO.:

vs.

CORNERSTONE GROUP DEVELOPMENT CORPORATION; CORNERSTONE GROUP DEVELOPMENT, LLC; LEON J. WOLFE; JORGE LOPEZ; SONOMA BAY, INC.; SAN REMO ASSOCIATES, LTD.; MARSH HARBOUR ASSOCIATES, LTD.; BOYNTON VILLAGE, LLC; RANDOLPH/CORNERSTONE JOINT VENTURE, LLC d/b/a MEDITERRANEA; and MARKETING INNOVATIONS ENTERPRISES, INC.,

Respondents.
_____/

## PETITION FOR DECLARATORY RELIEF

Petitioner, First Specialty Insurance Corporation ("First Specialty"), a Missouri corporation, by and through its undersigned attorneys, files this Petition for Declaratory Relief and states:

### FACTS REGARDING JURISDICTION AND VENUE

1.  This is an action for Declaratory Relief pursuant to 28 U.S.C. § 2201.

2.  At all material times, First Specialty is a corporation doing business as an insurance company and organized and existing under the laws of the state of Missouri with its principal place of business being 5200 Metcalf Avenue, Overland Park, Kansas 66202-1296.

3. At all material times, First Specialty is and was an unauthorized insurer which has been made eligible by the Department of Financial Services to issue insurance coverage under Florida's Surplus Lines Law. See Fl. Stat. § 626.913 *et seq.*

4. Upon information and belief, at all material times, Respondents Cornerstone Group Development Corporation; Cornerstone Group Development, LLC; Leon J. Wolfe; Jorge Lopez; Sonoma Bay, Inc.; San Remo Associates, Ltd.; Marsh Harbour Associates, Ltd.; Boynton Village, LLC; and Randolph/Cornerstone Joint Venture, LLC d/b/a Mediterranea (collectively "Cornerstone"), the insureds, are and were either residents of Miami-Dade County, Florida or Florida corporations licensed and doing business in Miami-Dade County, Florida, as a general contractor and apartment owner/manager with their principal places of business located in Coral Gables and Hollywood, Florida.

5. Upon information and belief, at all material times, Respondent Marketing Innovations, Inc., is and was a Florida corporation licensed and doing business in Palm Beach County, Florida.

6. The amount in controversy exceeds the sum of $75,000 exclusive of interest, attorney fees and costs. This Court has diversity jurisdiction by virtue of 28 U.S.C. § 1332.

7. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §1391(a) because at least one of the Respondents resides within the district and because a substantial part of the events giving rise to the claim occurred in the district.

## GENERAL ALLEGATIONS

8. On or about December 1, 2008, First Specialty issued a commercial general liability policy and an excess policy to Cornerstone Group Development LLC, Policy Nos.

IRG98383 and IRE98384 respectively, effective from December 1, 2008 to December 1, 2009 (hereafter the "2008 Policies," attached hereto as Exhibit A).

9. On or about December 1, 2009, First Specialty issued a renewal CGL policy to Cornerstone Group Development LLC, Policy No. IRG98383-1 (hereafter the "2009 Policy," attached hereto as Exhibit B). The 2008 Policies and the 2009 Policy are collectively referred to herein as the "Policies").

10. Respondent Marketing Innovations Enterprises, Inc. ("MI") has filed suit against Cornerstone in a Florida federal court action styled *Marketing Innovations Enterprises, Inc. v. Cornerstone Group Development Corporation,* et al., case no. 09-cv-81298, in the United States District Court for the Southern District of Florida (the "underlying action"). A copy of the amended complaint from the underlying action is attached hereto as Exhibit C.

11. MI is suing Cornerstone for Copyright Infringement, Breach of Contract, Unjust Enrichment, Open Account and Account Stated, all of which relate to a contract entered into between the parties in June 2006 for marketing services to be performed by MI for Cornerstone, including the creation of brochures for Cornerstone's properties.

12. MI alleges that it has not been paid for the marketing services it performed for Cornerstone, including the brochures it created for Cornerstone, and that Cornerstone's use of the brochures constitutes copyright infringement.

13. The Policies provide coverage, under Section I – COVERAGES, as follows:

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and

> advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit' seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result . . . .
>
> \* \* \*
>
> **b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

14. The Policies contain the following definitions:

> **SECTION V – DEFINITIONS**
>
> **1.** "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters.
>
> \* \* \*
>
> **14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
>
> \* \* \*
>
> **g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

15. The Policies also contain the following exclusions:

> **2. Exclusions**
>
> This insurance does not apply to:
>
> **a. Knowing Violations Of Rights Of Another**
>
> > "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury."
>
> \* \* \*

4

### c. Material Published Prior To Policy Period

"Personal and advertising injury" arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.

### d. Breach of Contract

"Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".

16. First Specialty is in doubt of its rights under the Policies and, by this Petition, seeks a declaration of its rights and obligations with respect to the underlying action and a finding by this Court whether, under the above-referenced Policies of insurance, First Specialty has a duty to defend or indemnify Cornerstone because:

   A. The insuring agreement has not been met because there is no allegation of damages because of bodily injury, property damage or personal and advertising injury.

   B. The insuring agreement has not been met to the extent that any offenses were committed outside of the policy period.

   C. Claims for injunctive and/or equitable relief are not considered "damages" under a commercial general liability policy.

   D. Coverage is barred by the Breach of Contract exclusion because all of the claims against Cornerstone arise out of a breach of contract.

   E. Coverage is barred by the Knowing Violations exclusion because the underlying complaint alleges that Cornerstone knowingly and willfully infringed on MI's works.

   F. Coverage is barred by the Prior Publication exclusion because the infringing works were first published prior to First Specialty's policy period.

17. There exists a bona fide actual, present and practical need for the declaration of coverage available under the Policies and the rights and obligations of First Specialty.

5

18. There exists a present ascertained or ascertainable state of facts or present controversy as to a state of facts concerning the rights and obligations of First Specialty under the Policies.

19. The rights and obligations of First Specialty under the Policies are dependant upon the facts and the law applicable to the facts affecting coverage under the Policies.

20. First Specialty and the Respondents, and each of them, have an actual, present controversy in the subject matter described herein.

21. All proper and present interests are before the Court by proper process.

22. All conditions precedent to the initiation and maintenance of this action have been complied with, have occurred or have been waived.

WHEREFORE, Petitioner, First Specialty Insurance Corporation, respectfully requests this Court enter a judgment Declaring that:

A. First Specialty has no duty to defend Cornerstone in the underlying action.

B. First Specialty has no duty to indemnify Cornerstone in connection with any verdicts, judgments, damages, or settlements in the underlying action.

C. First Specialty further requests judgment for its costs and disbursements incurred herein and for such other relief as may be warranted.

Respectfully submitted,

John R. Catizone
Florida Bar No. 0695491
LITCHFIELD CAVO LLP
Radice Corporate Center
600 Corporate Drive, Suite 600
Fort Lauderdale, FL 33334
Office: (954) 689-3000
Fax: (954) 689-3001
Email: catizone@litchfieldcavo.com

Stacey L. Papp
Florida Bar No. 0041817
LITCHFIELD CAVO LLP
5201 W. Kennedy Blvd., Suite 450
Tampa, Florida 33609
Office: (813) 289-0690
Fax: (813) 289-0692
Email: papp@litchfieldcavo.com

*Attorneys for First Specialty Insurance Corporation*